## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

COREY PERKINS                                                                                          PETITIONER
ADC #112808

v.                                  Case No. 4:20-cv-01222-BRW-JTK

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                            RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Bill Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I.  Introduction

Pending before the Court are Petitioner's Motion to Stay and Abey State Remedies (Doc. No. 8) and Respondent's Motion to Dismiss (Doc. No. 11) this 28 U.S.C. § 2244 habeas action filed by Petitioner, Corey Perkins, an inmate in the Arkansas Department of Correction (ADC).  Before addressing the motions, the Court will review the procedural history of the case.

<u>Procedural History</u>

A Pulaski County (Arkansas) court sentenced Perkins as a habitual offender to life imprisonment for first-degree battery, a terroristic act, and possession of a firearm by certain persons.  (Doc. No. 12-2) , Amended Sentencing Order).  On direct appeal, Perkins argued

his convictions should be reversed and charges dismissed because his right to a speedy trial was violated. Alternatively, he argued for reversal and remand for a new trial because the circuit court improperly limited his cross-examination of the victim. *Perkins v. State*, 2019 Ark. 247, 582 S.W.3d 1 (2019). The Court affirmed the convictions but remanded with instructions to correct the sentencing order to reflect the conviction for a Class Y rather than Class B felony for the terroristic act.

Perkins timely filed a motion for post-conviction relief and Motion for Leave to File an Enlarged Petition (Doc. Nos. 12-8 and 12-9). The petition enumerates sixty-three claims. On January, 23, 2020, Perkins filed a motion requesting the Pulaski County Circuit Court make a rule on various motions filed, and on August 5, 2020, Perkins filed a request that he be allowed to amend his Rule 37 petition. Those motions remain pending. On October 14, 2020, Perkins filed a pro se Motion to Recall the Mandate in his direct appeal. On December 7, 2020, the Arkansas Supreme Court denied Petitioner's pro se Motion to Recall the mandate.

On October 13, 2020, Petitioner filed the instant habeas petition (Doc. No. 2)). In it, Petitioner enumerates over thirty-one claims—most repeats of those outlined in the Rule 37 petition. Petitioner requests the Court stay his petition in federal court while he awaits a ruling from the state court. Respondent has moved to dismiss the Petition as unexhausted pursuant to 28 U.S.C. § 2244(d)(1).

For the reasons discussed below, the undersigned recommends the Motion to Stay be denied and the Motion to Dismiss be granted.

## II.  Discussion

Before seeking federal habeas review, a state prisoner must first "exhaus[t] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  This affords state courts "the first opportunity to address and correct alleged violations of [the] prisoner's federal rights."  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In this federal petition, Perkins asserts claims that are yet to be addressed by the state court and remain pending there.  It is plainly apparent that Perkins has not given Arkansas state courts one full opportunity to resolve his claims.  Thus, he has not exhausted state remedies and is ineligible for federal habeas relief at this stage.  As such, the undersigned recommends the action be dismissed without prejudice.

## III.  Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  In this case, Petitioner has not provide a basis for issuing a certificate of appealability.

## IV. Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that:

1. Petitioner's § 2254 habeas petition, Doc. No. 2, be DENIED and this case be DISMISSED WITHOUT PREJUDICE.

2. Petitioner's Motion to Stay and Abey State Remedies, Doc. No. 8, be DENIED.

3. Respondent's Motion to Dismiss (Doc. No. 11) be GRANTED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 26th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE